500 A.2d 646

## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

### Eugene Patrick HINES.

**Misc. (Subtitle BV) No. 4, Sept. Term, 1985.**

Court of Appeals of Maryland.

Dec. 2, 1985.

Melvin Hirshman, Annapolis, Bar Counsel for Atty. Grievance Com'n of Maryland, for petitioner.

Alan J. Goldstein, Greenbelt, for respondent.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

PER CURIAM.

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition for disciplinary action against Eugene Patrick Hines, alleging violations of the disciplinary rules of the Code of Professional Responsibility. We referred the matter, pursuant to Maryland Rule BV9 b, to

Judge Raymond G. Thieme, Jr. of the Circuit Court for Anne Arundel County to make findings of fact and conclusions of law. After conducting a hearing, Judge Thieme made findings and conclusions as follows:

"The handling of two particular cases by the Respondent are the impetus for the petition. The first involved the representation of a Ms. Linda Shakkour and a Ms. Kathleen Flynn and their efforts to secure a proper location for their restaurant. Respondent was retained to negotiate on their behalf for a suitable property in the District of Columbia. He advised his clients that a deposit would be needed to reserve any sought property. He received a check in the amount of $2,850; this check was subsequently deposited in his personal account on January 23, 1980. On February 4, 1980, $2,500 was removed from Respondent's personal account and deposited into a business account. In February Ms. Shakkour and Ms. Flynn advised him that they had abandoned their restaurant venture. Thereupon, Respondent sent a bill for his services in the amount of $3,581. Some disagreements about this bill arose and Respondent suggested that a lien could be placed on the deposit money. A complaint was filed with the Attorney Grievance Committee for the District of Columbia.

"The District of Columbia Court of Appeals in an opinion dated September 26, 1984, found that the Respondent had, by placing Ms. Shakkour's and Ms. Flynn's deposit in his personal account, violated the District's DR 9–103. That conduct, the Court wrote, was done in reckless disregard for the status of the accounts of his clients and gave rise to the inference that the Respondent had engaged in conduct involving dishonesty in violation of DR 1–102(A)(4).

"The second incident giving rise to this case involved the handling of a legal claim against an estate by Respondent on behalf of Ms. Jane Nusbaum in the early part of 1980. Pursuant to an agreement with Ms. Nusbaum all proceeds of the claim against the estate would be divided fifty-fifty between Respondent and client. A total of $8,136 was

secured from the estate. Ms. Nusbaum's share was diminished, by agreement, by $682.00 for past unrelated legal services rendered. Ms. Nusbaum was entitled to a total of $3,386.00. Ms. Nusbaum requested that the Respondent deliver to her directly $1,886.00. The remaining $1500.00 was to be placed by him into his client's checking account located in Riggs National Bank. Respondent deposited the entire check from the estate into his professional account, and as requested, immediately drew a check payable to Ms. Nusbaum in the amount of $1,886.00. He did not deposit $1500.00 into his client's account at Riggs National Bank and on two occasions, April 18, 1980 and April 22, 1980, he misrepresented to Ms. Nusbaum his reasons for his failure to so follow her instructions. Ms. Nusbaum subsequently suffered financial difficulties at her bank directly attributable to the actions of Respondent.

"The Court of Appeals for the District of Columbia found that the actions of the Respondent violated DR 1–102(A)(4). They constituted a deliberate misrepresentation to a client while in the service of that client. The failure to keep Ms. Nusbaum's $1500.00 in an identifiable bank account was a violation of the District's DR 9–103(A). DR 9–103(B)(4) was violated when Respondent declined to follow Ms. Nusbaum's request to transfer the $1500.00 to Riggs National Bank. The resulting damage to Ms. Nusbaum represented a violation of DR 7–101(A)(3) according to the D.C. Court of Appeals.

## "FINDINGS OF LAW

"Attorneys at law are officers of the court, *Attorney Grievance Commission v. Levitt,* 286 Md. 231, 406 A.2d 1296 (1979). Their conduct, in their professional capacity as attorneys, is subject to the scrutiny of the Court of Appeals, *Andresen v. Bar Association of Montgomery County,* 269 Md. 313, 305 A.2d 845 (1973) certiorari denied 414 U.S. 1065. The Court of Appeals has promulgated rules for this purpose, *Attorney Grievance Commission of Maryland v. Kerpelman,* 288 Md. 341, 420 A.2d 940 (1980) certiorari

denied 450 U.S. 970. These rules are the Code of Profes-
sional Responsibility and it is by these rules that this Court
must examine Respondent's conduct.

"Disciplinary Rule 1–102(A)(4) requires that an attorney
abstain from conduct involving dishonesty, fraud, deceit or
misrepresentation. The statements Respondent made to
Ms. Nusbaum in April of 1980 with reference to her monies
the Respondent controlled were clear misrepresentations
and thus violative of DR1–102(A)(4). With regard to the
statements Respondent made to Ms. Shakkour and Ms.
Flynn, that the Attorney Grievance Commission contends
are evidence that Respondent had an intent to use their
funds for his own behalf, the Court is not convinced.

"Disciplinary Rule 7–101(A)(3) obligates an attorney not
to prejudice or damage his client in the course of his
representation. As noted in the agreed upon stipulation,
Ms. Nusbaum suffered some financial difficulties as the
result of Respondent's procrastination and misrepresenta-
tions. These actions constitute a violation of this rule.

"Disciplinary Rule 9–102(A)(1) and (2) (The District's
DR9–103) establishes a duty for an attorney to segregate
funds belonging to a client. Respondent, by depositing
$2850.00 belonging to Ms. Shakkour and Ms. Flynn into his
personal account and then withdrawing most of that money
from that account into his business account violated this
rule. This disciplinary rule was violated a second time by
Respondent's failure upon the request of Ms. Nusbaum to
deposit her funds in his possession to the designated ac-
count in Riggs National Bank.

"Lastly, Disciplinary Rule 9–102(B)(4) compels an attor-
ney to return the held funds of a client upon request.
Respondent's actions with regard to Ms. Nusbaum violated
both the letter and spirit of this rule."

■ The District of Columbia Court of Appeals suspended
Hines for two years for his misconduct, beginning October
26, 1984. *In re Hines,* 482 A.2d 378 (1984). Under Mary-
land Rule BV10 e 1 the final adjudication of Respondent's

misconduct by the District of Columbia Court of Appeals "is conclusive proof of the misconduct in the hearing of charges pursuant to this Rule."

■ Bar Counsel recommends that we suspend Hines for two years from the practice of law in this State. While not opposing Bar Counsel's recommendation, Hines suggests that the period of suspension should run concurrently with the two-year suspension imposed by the District of Columbia. Under Rule XI, Section 21 of the Rules Governing the Bar of the District of Columbia, an attorney suspended from practice in that jurisdiction for more than one year may be reinstated only on petition. Readmission, therefore, is not automatic.

Considering all the circumstances, we shall suspend Hines from the practice of law in Maryland for two years and he shall remain suspended beyond that time unless he has applied for readmission and been readmitted to the Bar of the District of Columbia following expiration of his suspension in that jurisdiction. Hines's suspension shall commence 30 days from the date of the filing of the opinion in this case. Prior to the termination of the suspension, Hines shall pay all costs of the disciplinary proceeding. *See Attorney Griev. Comm'n v. Sheehy*, 298 Md. 371, 470 A.2d 341 (1984).

IT IS SO ORDERED: RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV15 c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST EUGENE PATRICK HINES.